Opinion issued January 27, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00418-CV




CITY OF SUGARLAND, Appellant

V.

JAMES L. BALLARD, Appellee




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 04-CV-134024




O P I N I O N

          Appellant, the City of Sugarland (“the City”), appeals from an order denying
its plea to the jurisdiction on grounds of governmental immunity from suit in a
wrongful-death suit brought by appellee, James L. Ballard (“Ballard”), individually
and as representative of the estate of Mark Russell Ballard (“Mark”), deceased. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004-2005). We
first determine whether the Texas Tort Claims Act (“TTCA”)


 waives governmental
immunity from suit for claims based on (1) officers’ negligent failure to supervise
Mark, who was their detainee, and (2) the City’s negligent training and supervision
of its officers, its ratification of negligent handling and detention procedures, and its
policies. We next determine if the TTCA waives governmental immunity from suit
for negligence in failing to secure a detainee properly within a patrol car, which
failure allowed the detainee to escape and, during his flight, to be struck by an
oncoming car. We reverse the order and remand the cause with an instruction to grant
the City’s jurisdictional plea.
Standard of Review
          “In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the court’s jurisdiction by alleging a valid waiver of immunity.” Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). “To determine if
the plaintiff has met that burden, ‘we consider the facts alleged by the plaintiff and,
to the extent it is relevant to the jurisdictional issue, the evidence submitted by the
parties.’” Id. (quoting Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d
864, 868 (Tex. 2001)). “[I]f the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend.” County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002). Because sovereign immunity from suit defeats a trial court’s
subject-matter jurisdiction, immunity from suit may properly be asserted in a
jurisdictional plea. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
225-26 (Tex. 2004). 
          We review de novo a trial court’s ruling on a jurisdictional plea, construing the
pleadings in the plaintiff’s favor and looking to the pleader’s intent. Id. at 226; Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). 
Whether the pleader has alleged facts that affirmatively demonstrate subject-matter
jurisdiction is a legal question that we review de novo. Miranda, 133 S.W.3d at 226.
Background
          The parties submitted no evidence, and our facts thus come from Ballard’s
pleadings, viewed in light of his intent and construed liberally in favor of jurisdiction. 
See, e.g., Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); IT-Davy, 74 S.W.3d 849. On August 17, 2002, police officers of the City
arrested Mark, a minor. The officers placed Mark in a police car, from which he tried
to escape by kicking out the rear window. The officers then placed Mark in a second
police car, but they failed to secure him adequately and, while Mark was “being
transported,” he escaped. After Mark escaped from the second police car, a private
car struck and killed him “in the 16,900 block of Highway 59.” The petition does not
state, and no one presented evidence concerning, the second police car’s location at
the time of the escape, whether or how fast the car was then moving, or how soon
Mark was struck after he escaped. Ballard’s reply to the jurisdictional plea, however,
alleged, without evidentiary support, that the second police car was moving at the
time of the escape and that Mark was killed “immediately” upon exiting the patrol
car.
          Ballard sued the City, alleging that Mark had been killed because of the City’s
negligence. Ballard alleged three bases for liability. First, Ballard alleged that Mark
died because of the police’s negligent failure “to provide [for the] adequate care,
well-being and safety of Mark” while he was in the second car. Second, Ballard
alleged that the police misused unspecified tangible property.


 Third, Ballard alleged
that Mark’s death resulted from the City’s “failure to train and properly supervise its
police officers”; that the City “permitted, encouraged, tolerated, and ratified a pattern
and practice concerning the negligent processing, handling, detainment, security and
transfer of juvenile offenders”; and that the officers’ negligence was “the result of
customs and policies” of the police department.


 With respect to the third basis for
liability, Ballard alleged that “[t]he foregoing acts, omission and systemic failures
constitute a negligent implementation of policy.” The City filed a jurisdictional plea
as to each of Ballard’s claims, which the trial court denied.
          Waiver of Governmental Immunity from Suit
          Neither party disputes that the City performed a governmental function in
committing the acts alleged to have been negligent. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215(a)(1) (Vernon 1997) (defining municipality’s governmental
functions as including “police and fire protection and control”). “A city’s
performance of a governmental function entitles it to immunity from suit brought by
private parties for tort damages arising out of that function’s performance, absent a
waiver of that immunity from suit in, for example, the TTCA.” State v. Galveston,
No. 01-03-00557-CV, 2004 WL 2066448, at *1 (Tex. App.—Houston [1st Dist.]
Sept. 10, 2004, pet. filed) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021,
101.0215(a), 101.025 (Vernon 1997 & Supp. 2004-2005)).
          “Sovereign immunity to suit is waived and abolished to the extent of liability
created by” the TTCA. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon
1997). The TTCA provides, in turn, for the following waiver of liability:
A governmental unit in the state is liable for:
 
(1)property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:
 
(A)the property damage, personal injury, or death arises
from the operation or use of a motor-driven vehicle or motor-driven
equipment; and
 
(B)the employee would be personally liable to the
claimant according to Texas law; and
 
(2)personal injury and death so caused by a condition or use
of tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas
law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2003). The TTCA thus
establishes liability, and creates waiver of immunity from suit, for certain damages
(1) arising from operation of a motor-driven vehicle or motor-driven equipment (“the
motor-vehicle waiver”) and those (2) caused by a condition or use of tangible
personal or real property (“the property waiver”). See id. The TTCA “provides a
limited waiver of sovereign immunity” from suit. Tex. Dep’t of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex. 2001); accord Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).
A.      Failure to Supervise
          We construe Ballard’s claim based on the officers’ failure “to provide adequate
care, well-being and safety of Mark” as a claim for failure to supervise Mark while
he was in their custody. Such a claim does not fall within the express language of the
TTCA’s waiver provisions quoted above. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021. Indeed, courts have held that the TTCA does not waive immunity from
suit for this type of claim.



B.      Negligent Training and Supervision of Officers, Ratified Pattern of
Negligence, and “Customs and Policies”

          None of Ballard’s claims based on negligent training and supervision of
officers, a ratified pattern of negligent handling and detainment of juvenile offenders
by the City’s police force, and the police force’s “customs and policies” falls within
the express language of the TTCA’s waiver provisions quoted above. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021. The TTCA thus does not waive immunity from
suit for claims like these.


 Moreover, with respect to any claim based on the police
department’s policy decisions, such claims are barred elsewhere in the TTCA. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.055 (Vernon 1997) (“This chapter does
not apply to a claim arising: . . . from the failure to provide or the method of
providing police or fire protection.”); City of Brownsville v. Alvarado, 897 S.W.2d
750, 754 (Tex. 1995) (“‘Thus, if the negligence causing an injury lies in the
formulating of policy—i.e., the determining of the method of police protection to
provide—the government remains immune from liability.’”) (quoting State v. Terrell,
588 S.W.2d 784, 787-88 (Tex. 1979)).
          Accordingly, we sustain the City’s issue with respect to Ballard’s claims based
on negligent training and supervision of officers, for a ratified pattern of negligent
handling and detainment of juvenile offenders by the City’s police force, and for the
City’s “customs and policies.”
C.      Negligent Failure to Secure Mark in the Second Police Car
          Ballard asserted below, as he reasserts on appeal, that both the TTCA’s motor-vehicle and its property waivers waived immunity from suit for his claim based on the
negligent failure to secure Mark properly in the second patrol car.



          1.       TTCA’s Motor-Vehicle Waiver
          For the motor-vehicle waiver to apply, Mark’s death had to “arise[] from the
operation or use of” the second police car. Tex. Civ. Prac. & Rem. Code Ann. §
101.021(1)(A). For the waiver to apply, a nexus must exist between the operation or
use of the motor-driven vehicle and the plaintiff’s injuries. Whitley, 104 S.W.3d at
543; LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992). 
“This nexus requires more than mere involvement of property”


 and has been
described as a “direct nexus.”


 Put another way, “‘the [vehicle]’s use must have
actually caused the injury.’” Whitley, 104 S.W.3d at 543 (quoting White, 46 S.W.3d
at 869) (emphasis added). “Thus, as with the condition or use of property, the
operation or use of a motor vehicle ‘does not cause injury if it does no more than
furnish the condition that makes the injury possible.’” Id. (quoting Bossley, 968
S.W.2d at 343).
          Assuming without deciding that the failure properly to secure Mark within the
car can be equated with the car’s overall use to restrain and to transport him,


 we hold
that his injury did not arise from those uses. The actual cause of Mark’s death was
his deliberate decision to flee into freeway traffic and a separate car’s hitting him
there; the failure to secure Mark in the first place merely furnished the condition that
made it possible for him to escape and then run into oncoming traffic. There is thus
no “direct nexus” between the failure properly to secure Mark in the car and the
impact causing his death.


 See City of Kemah v. Vela, 149 S.W.3d 199, 204 (Tex.
App.—Houston [14th Dist.] 2004, pet. denied) (holding that injury of plaintiff—who
was detained in negligently parked patrol car that, along with another patrol car, was
struck by third-party vehicle—did not arise out of use or operation of patrol car
within meaning of TTCA’s motor-vehicle waiver; rather, patrol car merely furnished
condition that made injury possible); compare Gutierrez, 54 S.W.3d at 866 (holding
that child’s death arose from use of motor vehicle when bus driver honked horn to
signal child to walk across street, where she was hit by oncoming vehicle); Hitchcock
v. Garvin, 738 S.W.2d 34, 37 (Tex. App.—Dallas 1987, no writ) (holding that child’s
injuries, incurred when she was struck by oncoming vehicle, arose from schoolbus
driver’s failure to activate required warning signals to protect child as she debarked
bus).
          2.       TTCA’s Property Waiver
          For the TTCA’s property waiver to apply, a condition or use of tangible
personal or real property must be involved. Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2). Within section 101.021(2), “use” means “to put or [to] bring into action
or service; to employ for or [to] apply to a given purpose.” Miller, 51 S.W.3d at 588. 
Claims involving the failure to use, or the non-use of property, do not fall within the
TTCA’s property waiver. Id. at 587; White, 46 S.W.3d at 869-70; Kerville State
Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996).
          Additionally, the personal injury or death must be “caused by” the condition
or use of the property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). 
Accordingly, the plaintiff must allege, among other things, that the property’s use
proximately caused the personal injury or death. Bossley, 968 S.W.2d at 342-43. 
Proximate cause consists of cause-in-fact and foreseeability. Leitch v. Hornsby, 935
S.W.2d 114, 118 (Tex. 1996). The test for cause-in-fact is whether the act or
omission was a substantial factor in causing the injury, without which the harm would
have not occurred. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477
(Tex. 1995). To establish cause in fact, or “but for” causation, a party must show that
the defendant’s negligence was a substantial factor in bringing about his injury and
was a factor without which no harm would have been incurred. Excel Corp. v.
Apodaca, 81 S.W.3d 817, 820 (Tex. 2002). “‘The word “substantial” is used to
denote the fact that the defendant’s conduct has such an effect in producing the harm
as to lead reasonable men to regard it as a cause, using that word in the popular sense,
in which there always lurks the idea of responsibility, rather than in the so-called
“philosophic sense,” which includes every one of the great number of events without
which any happening would not have occurred.’” Union Pump Co. v. Allbritton, 898
S.W.2d 773, 776 (Tex. 1995) (quoting Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
472 (Tex. 1991)). The test for foreseeability is whether a person of ordinary
intelligence would have anticipated the danger that his negligence created. Id. The
TTCA’s property waiver requires more than the property’s mere involvement, and
property does not cause injury if it does no more than furnish the condition making
the injury possible. Bossley, 968 S.W.2d at 343. Accordingly, the TTCA’s property
waiver has been described as requiring a “direct nexus,”


 a “close causal
relationship,”


 and “a direct and immediate relationship”


 between the property’s use
and the injury or death. 
          Here, the failure to restrain Mark properly in the second patrol car is an
allegation of non-use of property, for which the TTCA does not waive immunity from
suit. See López v. McMillion, 113 S.W.3d 447, 450 (Tex. App.—San Antonio 2003,
no pet.) (holding that claim based on failure to restrain inmate by handcuffing or
shackling was allegation of non-use of property for which TTCA did not waive
immunity); Lacy v. Rusk State Hosp., 31 S.W.3d 625, 630 (Tex. App.—Tyler 2000,
no pet.) (holding that failure to lock door, through which patient escaped and later
drowned, was non-use of property, for which TTCA did not waive immunity). 
Because we hold that only a non-use of property was alleged, we need not reach the
issue of causation.
          We sustain the City’s issue with respect to the negligence claim arising out of
the failure to restrain Mark in the second patrol car.
Conclusion
          We reverse the order with respect to all of Ballard’s claims, and we remand the
cause with instructions for the trial court to grant the City’s jurisdictional plea in its
entirety.

 
                                                                        Tim Taft
                                                                        Justice
 
Panel Consists of Justices Taft, Jennings, and Bland.