**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, et al., Petitioners,**

v.

**GLEN RIDGE I CONDOMINIUMS, LTD., et al., Respondents.**

No. C–6776.

Supreme Court of Texas.

March 30, 1988.

Rehearing Denied June 22, 1988.

T. Michael Wall, John D. Roady, E. John Gorman, Hutcheson & Grundy, Houston, Tex., Charlotte A. Reid, Office of General Counsel, Federal Home Loan Bank Bd., Washington, D.C., Robert O. Lamb, Thompson, Coe, Cousins & Irons, Dallas, Tex., for petitioners.

Robert H. Renneker, Anthony A. Petrocchi, Weil & Renneker, P.C., D. Ronald Reneker, Bird & Reneker, Dallas, Tex., for respondents.

## OPINION ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is an appeal by Petitioner Federal Savings and Loan Insurance Corporation ("FSLIC") from a judgment of the court of appeals declaring portions of the federal Financial Institutions Supervisory Act of 1966 and the National Housing Act of 1934 unconstitutional. The trial court dismissed the action of respondents pursuant to 12 U.S.C. § 1464(d)(6)(C) (a part of the Financial Institutions Supervisory Act of 1966) and 12 U.S.C. § 1729(d) (a part of the National Housing Act of 1934). The court of appeals reversed the judgment of the trial court and remanded the cause, finding that both sections violated Article III of the United States Constitution. 734 S.W.2d 374. Although a majority of the court disagrees with that finding, we agree with the court's judgment that the district court has jurisdiction over the investors' claims. Accordingly, FSLIC's application for writ of error is denied.

Respondents Glen Ridge I Condominiums and others ("investors") purchased real estate interests in Dallas County in an area known as the "I–30 Corridor." To obtain financing for these projects, each of the investors executed notes and deeds of trust in favor of Empire Savings & Loan Association ("Empire"), a state-chartered savings and loan insured by FSLIC. On March 14, 1984, Empire was declared insolvent by the Federal Home Loan Bank Board ("FHLBB"). The Bank Protection Act of 1968 makes § 1464(d)(6)(C) applicable to those state-chartered associations placed under FSLIC receivership by the FHLBB. Pursuant to 12 U.S.C. § 1464(d)(6)(A), the FHLBB appointed FSLIC receiver for Empire to conduct its orderly liquidation. Determining the investors' loans were in default, the FSLIC sought to conduct non-judicial foreclosure sales of the investors' real estate interests.

Before these sales could be conducted, the investors brought this suit against the FSLIC, Empire, and the various trustees in state district court. The investors alleged causes of action for cancellation of loan agreements, promissory notes, and deeds of trust, for violation of state and federal securities laws, for violations of state usury laws, for breach of contract and for fraud. The investors also sought declarations that no indebtedness was owed Empire or FSLIC and that the FSLIC was not entitled to foreclose on their properties. Although the investors initially obtained a temporary injunction, the trial court subsequently dissolved the temporary injunction and dismissed the case, holding that 12 U.S.C. § 1464(d)(6)(C) deprived it of subject matter jurisdiction. The court of appeals affirmed as to the investors' causes of action under federal securities laws, as well as those under state law for disparagement of title and unlawful foreclosure. However, it reversed and remanded all other causes of action to the trial court, holding that 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d) violate Article III of the United States Constitution by conferring upon an agency of the executive branch those powers constitutionally reserved to the judiciary.

FSLIC applied for writ of error to this court, asserting that the state courts lack subject matter jurisdiction because under 12 U.S.C. § 1464(d)(6)(C) and § 1729(d), the FSLIC as receiver has exclusive initial jurisdiction to adjudicate claims administratively without judicial interference. FSLIC argues that judicial review does not ripen until (1) FSLIC determines whether to disallow a claim, and (2) this determination is administratively reviewed by the FHLBB. Only after the administrative claims process has been completed, it says, may disenchanted claimants seek judicial review of the FHLBB's final decision under the provisions of the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 701–706. FSLIC denies that this scheme is in any way unconstitutional.

In order to pass upon the application, it is necessary to examine the language of the provisions in issue. Section 1464(d)(6)(C) of Title 12 of the United States Code provides as follows:

> Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect the exercise of *powers or functions* of a conservator or receiver.

(Emphasis added.) FSLIC's powers in liquidation proceedings are set forth in Section 1729(d):

> In connection with the liquidation of insured institutions in default, the Corporation shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do *all things that may be necessary* in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board ...

(Emphasis added.)

We neither approve nor disapprove the holding of the court of appeals that the exercise of adjudicatory power by the FSLIC as receiver violates Article III of the United States Constitution. The court of appeals erroneously reached the Article

III issue because it determined the FSLIC as receiver has adjudicatory power. Neither the "powers or functions" language in § 1464(d)(6)(C) nor the "all things that may be necessary" provision in § 1729(d) includes the power to adjudicate claims. *Summertree Venture III v. Federal Savings & Loan Ins. Corp.*, 742 S.W.2d 446, 453 (Tex.App. Houston [14th Dist.] 1987, writ denied); *Morrison–Knudsen Co., Inc. v. CGH Intern., Inc.*, 811 F.2d 1209, 1217 (9th Cir.1987), *cert. pending sub nom. FSLIC v. Stevenson Associates*, 811 F.2d 1209. Section 1464(d)(6)(C) merely refers to the powers or functions of FSLIC as receiver. Section 1729(d) merely authorizes FSLIC to "do all things that may be necessary"

> to settle, compromise, or release claims in favor of or against the insured institution....

Such power strongly suggests that the claimant has power to take the dispute to court. "Settlement and compromise are to avoid the result. A body with the power to say 'yes' or 'no' with the force of law has much less need to settle or to compromise." *Morrison–Knudsen*, 811 F.2d at 1219.

■ Finally, 12 U.S.C. § 1730(k)(1), the jurisdictional section of the Act, provides:

> Notwithstanding any other provision of law, ... (B) any civil action, suit, or proceedings to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; .... *Provided,* that any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured state-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institutions under state law *shall not be deemed to arise under the laws of the United States ...*

(Emphasis added.) Under the proviso of this section, Congress obviously intended for FSLIC, as receiver, to be a party to litigation in both federal and state court,

with certain actions to be heard exclusively in the state forum. Given this language, it is clear that Congress intended for there to be court action against FSLIC in its role as a receiver.

We recognize the Fifth Circuit disagrees with the Ninth Circuit's analysis and interprets these statutes as divesting federal courts of subject matter jurisdiction over all claims against thrift receivership until the administrative adjudicative claims process is completed. *Coit Independence Joint Venture v. Firstsouth, F.A.*, 829 F.2d 563 (5th Cir.1987) (per curiam), *cert. granted,* —— U.S. ——, 108 S.Ct. 1105, 99 L.Ed.2d 267; *Chupik Corp. v. Federal Savings & Loan Ins. Corp.*, 790 F.2d 1269 (5th Cir.1986) (per curiam); *North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096, 1101 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). We believe, however, the Ninth Circuit's analysis represents the better-reasoned interpretation of the statutory language and legislative history pertaining to FSLIC's powers as a receiver.

■ Moreover, it is our duty as a court to construe statutes in a manner which avoids serious doubt of their constitutionality. *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, ——, 106 S.Ct. 3245, 3252, 92 L.Ed. 675, 686, (1986). "Where such 'serious doubts' arise, a court should determine whether a construction of the statute is 'fairly possible' by which the constitutional question can be avoided." *Id.* at ——, 106 S.Ct. at 3252, 92 L.Ed. at 686; *Crowell v. Benson*, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). Our construction of these statutes enables us to avoid the Article III issue, which § 1464(d)(6)(C) and § 1729(d) can and thus should be read to avoid. *Morrison–Knudsen Co., Inc. v. CGH Intern., Inc.*, 811 F.2d at 1222.

■ Although the investors generally agree with the judgment of the court of appeals, they challenge that court's affirmance of the trial court's dismissal of causes of action under federal securities laws, as well as claims for disparagement of title and violation of state foreclosure laws.

The respondent investors filed no application for writ of error, but instead challenged the aforementioned holding by crosspoint in their response to application for writ of error. Absent the filing of an application for writ of error, we have no jurisdiction to review that portion of the court of appeals' judgment adverse to them. *Pan American Fire and Casualty Co. v. Trammell,* 159 Tex. 627, 325 S.W.2d 383, 384 (1959) (per curiam).

Although a majority of the court disagrees with the reasoning of the court of appeals, we agree with the court's judgment that the district court has jurisdiction over the investors' claims. Accordingly, FSLIC's application for writ of error is denied.