**Ralph LÓPEZ, Sheriff and Bexar County, Texas, Appellants,**

v.

**Donna McMILLION and Gary McMillion, Appellees.**

No. 04–03–00021–CV.

Court of Appeals of Texas, San Antonio.

June 11, 2003.

Clarkson F. Brown, Asst. Dist. Atty.–Civil Section, San Antonio, for appellants.

Bernard Wm. Fischman, Tinsman, Scott & Sciano, San Antonio, for appellees.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

This is an appeal from an order denying a plea to the jurisdiction filed by a governmental unit. Donna and Gary McMillion brought a negligence suit against Bexar County and Bexar County Sheriff Ralph López (collectively "Bexar County") under the Texas Tort Claims Act ("TTCA"), when Donna McMillion was injured by inmate Jimmy Ray Gorman during his escape from custody. Bexar County filed a plea to the jurisdiction asserting sovereign

immunity. The trial court denied the motion, and Bexar County filed this interlocutory appeal. We reverse the trial court's order and render judgment dismissing the cause for lack of subject matter jurisdiction.

## BACKGROUND

On June 25, 2002, Bexar County Sheriff's Deputy Eric Gomez transported Gorman to the University Health System Brady Green Clinic for medical treatment. Upon reaching the clinic, Deputy Gomez removed Gorman's restraints and permitted him to use the clinic's restroom. Deputy Gorman neither accompanied Gorman to the restroom nor placed any other restraints on Gorman's hands or feet. Gorman subsequently escaped the clinic through a bathroom window. Once free, Gorman stole a vehicle and drove to the McMillions' home. Gorman posed as a delivery person and gained entry to the McMillions' residence, where he proceeded to rob them. During the course of the robbery, Gorman bound and gagged Donna McMillion, threatened her with a gun, and severely beat her.

The McMillions filed suit against Bexar County asserting negligence claims under the TTCA. As a basis for Bexar County's liability, the McMillions alleged Deputy Gomez was negligent because he: (1) failed to use tangible personal property, *i.e.*, handcuffs and shackles, to restrain Gorman; (2) allowed Gorman to use the clinic's bathroom door to exclude the Deputy from the bathroom during his escape; (3) failed to supervise Gorman while outside the confines of the Bexar County Jail; and (4) "furnished Gorman with inadequate and/or defective tangible personal property in the form of restraints."[1] In response to the McMillions' amended petition, Bexar County filed a plea to the jurisdiction asserting sovereign immunity. Specifically, Bexar County argued that the McMillions' allegations do not state a claim against it for which the TTCA waives sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The trial court denied the plea to the jurisdiction, and Bexar County filed this interlocutory appeal. *See id.* § 51.014(a)(8) (Vernon Supp.2003).

## PLEA TO THE JURISDICTION

■ In its sole issue, Bexar County contends the trial court erred in denying its plea to the jurisdiction because the McMillions did not assert a claim that waives immunity from suit under the TTCA. A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dept. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001). Importantly, "[m]ere reference to the [TTCA] does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court." *Id.*

We review a trial court's ruling on a plea to jurisdiction under a *de novo* standard. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). We are not required to look solely to the pleadings

---

1. The McMillions' amended petition contains additional enumerated allegations that do not vary substantively from the allegations presented above.

when deciding a plea to the jurisdiction; we may consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Blue,* 34 S.W.3d at 555.

### TEXAS TORT CLAIMS ACT

■ The TTCA provides a limited waiver of sovereign immunity under certain narrowly defined circumstances. *Miller,* 51 S.W.3d at 587. The statute allows for governmental liability in three general areas: (1) use of publicly owned automobiles; (2) premises defects; and (3) injuries arising out of conditions or use of property. *Tex. Dept. of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex.2000). The TTCA provides that a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

■ In the present case, the McMillions allege waiver under subsection two of the statute. *See id.* § 101.021(2). Therefore, to state a claim, the McMillions must allege: (1) some use or misuse of tangible personal or real property; and (2) their personal injuries were proximately caused

by the use or misuse of such property. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998). The word "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Miller,* 51 S.W.3d at 588. Claims involving a failure to use, or the non-use of property, are not within the waiver of sovereign immunity. *Id.* at 587–88. With respect to causation, a party must show more than mere involvement of property. *Bossley,* 968 S.W.2d at 343.

### ANALYSIS

The McMillions sued Bexar County alleging that the County's negligence allowed a dangerous criminal to escape custody and terrorize them. The McMillions claim their pleadings are sufficient to waive sovereign immunity under section 101.021(2) because their theory of liability is based on the use/misuse of real and personal property. Specifically, the McMillions allege sovereign immunity is waived because they claim Bexar County was negligent in: (1) failing to use tangible personal property, *i.e.,* handcuffs and shackles, to restrain Gorman; (2) "furnishing Gorman with inadequate and/or defective tangible personal property in the form of restraints"; (3) allowing Gorman to use the Clinic's bathroom door to facilitate his escape from the clinic; and (4) failing to supervise Gorman while outside the confines of the Bexar County Jail.

### Use/Non–Use of Physical Restraints

■ The McMillions contend sovereign immunity is waived because they alleged Deputy Gomez's non-use of handcuffs and shackles proximately caused their injuries. The non-use of property, however, does not waive sovereign immunity. *Miller,* 51 S.W.3d at 587–88; *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 584 (Tex.1996);

*Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex. 1994). Therefore, the McMillions' non-use allegation is insufficient to waive sovereign immunity.

The McMillions argue that their case is analogous to *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976) and *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169 (Tex.1989). In *Lowe*, Lowe suffered a knee injury while playing football for the university after a coach ordered him to remove his knee brace and reenter a game without it. *Lowe*, 540 S.W.2d at 298. The Supreme Court determined that Lowe's knee brace was as an integral part of his uniform as his helmet or shoulder pads. *Id.* at 300. The court therefore held that the State waived immunity by providing Lowe with a defective uniform, *i.e.*, a uniform without a knee brace. *Id.*

In *Robinson*, MHMR employees took several patients to swim at a lake. *Robinson*, 780 S.W.2d at 169. MHMR was aware that Robinson suffered from epileptic seizures that occasionally caused him to lose consciousness. *Id.* MHMR failed to furnish Robinson with a life preserver, and Robinson subsequently drowned. *Id.* The Supreme Court concluded that "[a] life preserver was just as much a part of Robinson's swimming attire as the knee brace was part of the uniform in *Lowe.*" *Id.* at 171. Thus, the court held MHMR waived its immunity. *Id.*

We believe the McMillions incorrectly analogize this case to *Lowe* and *Robinson*. The Supreme Court has expressly stated that "[t]he precedential value of these cases is ... limited to claims in which a plaintiff alleges that a state actor has pro-vided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." *Clark*, 923 S.W.2d at 585. Although the McMillions' amended petition also claims Deputy Gomez was negligent "in furnishing Gorman with inadequate and/or defective tangible personal property in the form of restraints," the gravamen of their "restraint" complaint is that Deputy Gomez's non-use of restraints led to their injuries. Therefore, the McMillions' reliance on *Lowe* and *Robinson* is misplaced,[2] and their allegation regarding the "furnishing of defective restraints" is insufficient to waive sovereign immunity.

The McMillions also rely on *University of Texas Medical Branch Hospital at Galveston v. Hardy*, 2 S.W.3d 607 (Tex.App.-Houston [14th Dist.] 1999, pet. denied), in support of their "restraint" complaint. The McMillions' reliance on *Hardy* is equally misplaced because *Hardy* concerns the use/misuse of property. In *Hardy*, one of the hospital's patients was connected to a cardiac monitor to monitor her heart following bypass surgery. *Hardy*, 2 S.W.3d at 608. Unfortunately, the hospital failed to pay proper attention to the patient's cardiac monitor. *Id.* at 608–09. When the monitor signaled that the patient was having heart complications, hospital staff failed to respond in a timely manner. *Id.* The patient subsequently died of the injuries she sustained as a result of the hospital's untimely response to her monitor. *Id.* at 609. The *Hardy* court determined that the "hospital's decision to put the cardiac monitor into service for the purpose of monitoring decedent's heart, and the hospital employee's subse-

---

**2.** We note the McMillions' brief also cites *Overton Memorial Hospital v. McGuire*, 518 S.W.2d 528 (Tex.1975). This case, however, is inapplicable because it too applies only to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries.

quent failure to pay proper attention to the monitor, constitute a use or misuse, of tangible personal property." *Id.* at 610. As previously discussed, the essence of the McMillions' "restraint" complaint is the non-use of property; therefore, *Hardy* is distinguishable.

### Use/Misuse of the Bathroom Door

 The McMillions also contend they established a waiver of sovereign immunity by claiming a use of real property. Specifically, the McMillions allege "the bathroom where Gorman made his escape, furnished the situs of the negligent act, and that use of the door to exclude the Deputy, was a use or condition of real property, which led to plaintiffs' injuries." At oral argument, however, the McMillions acknowledged that this argument is untenable in light of the ruling in *Bossley*.

In *Bossley*, a mentally ill patient escaped through unlocked hospital doors. *Bossley*, 968 S.W.2d at 340–41. After escaping, the patient committed suicide by throwing himself in front of a truck. *Id.* at 341. The Supreme Court concluded that neither the use of property (unlocking of the hospital doors) nor the condition of property (the unlocked door) caused the patient's suicide. *Id.* at 343. The court stated the doors may have furnished the condition that made the injury possible by permitting the patient to escape into the community where he committed suicide, but "the use and condition of the doors were too attenuated from [the patient's] death to be said to have caused it." *Id.*

Likewise, the use of the bathroom door in this case may have furnished the condition that made the McMillions' injuries possible, but the use of the door was too attenuated from their injuries to be said to have caused them. The use of the bathroom door permitted Gorman to escape the clinic, but it was Gorman's assault and robbery that caused the McMillions' inju-

ries. Therefore, the McMillions' "bathroom door" allegation is insufficient to waive sovereign immunity.

### Negligent Supervision

 Finally, to the extent the McMillions assert that immunity is waived by Deputy Gomez's failure to supervise Gorman outside the confines of the Bexar County Jail, this argument does not invoke the TTCA's waiver provision. *Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 630 (Tex. App.-Tyler 2000, no pet.) (holding claims of negligent supervision are not actionable under the TTCA).

#### CONCLUSION

Based on the foregoing, we conclude the McMillions' allegations do not state a claim against Bexar County for which the TTCA waives sovereign immunity. Consequently, we sustain Bexar County's sole issue, and we reverse the trial court's order denying Bexar County's plea to the jurisdiction and render judgment dismissing the suit against Bexar County.