Reversed and Rendered and Memorandum Opinion filed July 27, 2004









Reversed and Rendered and Memorandum Opinion filed
July 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00786-CV

____________

 

CITY OF HOUSTON, Appellant

 

V.

 

HOLLIE GERBER, Appellee

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 01-65295

 



 

M E M O R A N D U M   O P I N I O N

The City of Houston appeals the denial of
its plea to the jurisdiction, claiming Hollie Gerber failed to allege a cause
of action that falls within the Texas Tort Claims Act=s waiver of
sovereign immunity.  We hold Gerber=s pleadings are
insufficient to state a cause of action; accordingly, we reverse and render. 

Factual and Procedural Background








On December 31, 1999, at approximately
3:30 a.m., appellee tripped or slipped on the edge of a tree planter box
located on a sidewalk in downtown Houston. 
The box contained a tree surrounded by dirt, but the dirt was
approximately four to six inches below the sidewalk level.  When appellee fell, her knee collided with a
metal rim outlining the perimeter of the tree planter box, resulting in an
injury to her knee.

Appellee sued the City of Houston (Athe City@) and Harris
County.  The City filed a plea to the
jurisdiction alleging the trial court lacked subject matter jurisdiction
because appellee failed to allege a cause of action permitted by the Texas Tort
Claims Act (ATTCA@).  After the trial court denied the City=s plea to the
jurisdiction, this interlocutory appeal ensued.[1]

Standard of Review








A plea to the jurisdiction challenges the
trial court=s authority over the subject matter of the
controversy.  Lopez v. McMillion,
113 S.W.3d 447, 449 (Tex. App.CSan Antonio 2003,
no pet.); Michael v. Travis County Hous. Auth., 995 S.W.2d 909, 911
(Tex. App.CAustin 1999, no pet.).  In reviewing the trial court=s decision on a
plea to the jurisdiction, we may not weigh the merits of the claims asserted by
appellee, but must consider only appellee=s pleadings and
evidence pertinent to the jurisdictional issue. 
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  The party suing the governmental entity must
affirmatively show the trial court has jurisdiction to hear the cause.  Lopez, 113 S.W.3d at 449.  We construe the pleadings liberally in
appellee=s favor and look
to the pleader=s intent to determine whether the
pleadings are sufficient to state a cause of action that falls within the
waiver of immunity found in the TTCA.  Brown,
80 S.W.3d at 555; Tex. Dept. of Transp. v. Ramirez, 74 S.W.3d 864, 867
(Tex. 2002).  To determine whether
appellee has met her burden, we consider the facts alleged in the petition,
presume those facts to be true,[2]
and consider the evidence submitted by the parties to the extent it is relevant
to the jurisdictional issue.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003); City of
Galveston v. Gray, 93 S.W.3d 587, 590B91 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  Whether the
trial court has subject matter jurisdiction is a legal question; thus, we
review the trial court=s denial of a plea to the jurisdiction de
novo.  State ex rel. State Dep=t of Highways
& Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).

Texas Tort Claims Act

The State and its subdivisions generally
enjoy sovereign immunity unless immunity has been expressly waived.  Brown, 80 S.W.3d at 554.  The TTCA waives governmental immunity for Apersonal injury
and death so caused by a condition or use of tangible personal or real property
if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021(2)
(Vernon 1997).  However, the TTCA
contains several exceptions and exclusions which preserve sovereign immunity
against claims that meet the conditions for general liability found in section
101.021; thus, if an exception or exclusion applies, sovereign immunity is not
waived.  See Mitchell v. City of
Dallas, 855 S.W.2d 741, 745 (Tex. App.CDallas 1993), aff=d, 870 S.W.2d 21
(Tex. 1994).  One such exception is
section 101.056, which relates to a governmental unit=s discretionary
powers and provides that the waiver of immunity does not apply to a claim based
on:

(1)     the failure of a governmental unit to
perform an act that the unit is not required by law to perform; or

(2)     a governmental unit=s decision not to perform an act or
on its failure to make a decision on the performance or nonperformance of an
act if the law leaves the performance or nonperformance of the act to the
discretion of the governmental unit. 

Tex. Civ. Prac. & Rem.
Code Ann. ' 101.056 (Vernon 1997).  The purpose of section 101.056 is to avoid
judicial review of governmental policy decisions; thus, if the injury results
from the formulation of policy, the governmental unit is immune.  See Ramirez, 74 S.W.3d at 866B67.  When, however, the injury results from the
negligent implementation of that policy, the governmental unit is not
immune.  Mitchell, 855 S.W.2d at
745.  








Appellee bears the burden to plead facts,
which taken as true, would invoke the trial court=s
jurisdiction.  Univ. of Tex. Med.
Branch at Galveston v. Mullins, 57 S.W.3d 653, 657 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  A trial court
does not have jurisdiction over discretionary acts performed by the City; thus,
appellee was required to plead facts that show the City=s nondiscretionary
acts caused her injuries.  Appellee is
arguing the City failed to maintain the property and, as a result, negligently
allowed the sidewalkCor more specifically, the tree planter boxCto become a
hazardous obstacle.  Thus, appellee is
alleging the failure of a governmental unit to perform an act that it is
required by law to perform.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.056.  Appellee, however, did not allege any facts
in her petition demonstrating the City was required by law to maintain the tree
planter box in a certain manner.[3]   








The City of Houston=s charter provides
that the City shall have the power to maintain and improve the streets and
sidewalks.  Houston, Tex., City Charter ' 4 (1905).  Another ordinance provides that when the city
council finds that construction, reconstruction, or repair of sidewalks is
necessary, it shall order the work to be completed.  Houston,
Tex., Ordinances ch. 40, art. III, ' 40-82
(1968).  The City=s charter and
ordinance indicate the decision to repair a street or sidewalk is a
discretionary decision that is made by the city council.  The City is liable only for negligent
implementation of a policy; thus, appellee must allege facts showing the City
had an existing policy, or the city council made a previous policy decision, to
maintain or repair the tree planter box in a certain manner.  Appellee, however, did not allege the city
council ordered the repair or reconstruction of the sidewalks or the tree
planter box, and appellee has not alleged any facts showing the City
negligently implemented an existing policy. 
Thus, because appellee did not plead any facts in her petition to show
the inapplicability of section 101.056, her petition does not state facts
essential to establish the trial court=s
jurisdiction.  Accordingly, we hold
appellee has failed to state a cause of action that falls within the TTCA=s waiver of
immunity.  The City=s sole issue is
affirmed. 

Appellee has requested an opportunity to
amend her pleadings if this court holds the petition is deficient.  We recognize that when the pleadings are
insufficient to establish jurisdiction, the plaintiff is usually afforded an
opportunity to amend her pleadings to cure the defect.  Brown, 80 S.W.3d at 555.  However, because appellee did not request an
opportunity to amend in the trial court, she has waived any complaint on appeal
that she has been denied this opportunity. 
Tex. R. App. P. 33.1(a); Kassen
v. Hatley, 887 S.W.2d 4, 13 n.10 (Tex. 1994); Dahl ex rel. Dahl v. State,
92 S.W.3d 856, 862 n.6 (Tex. App.CHouston [14th
Dist.] 2002, no pet.); Higbie Roth Const. Co. v. Houston Shell &
Concrete, 1 S.W.3d 808, 811 (Tex. App.CHouston [1st
Dist.] 1999, pet. denied).  Appellee=s failure to
request an opportunity to amend her pleadings in the trial court precludes any
such relief in this court.  

Having affirmed the City=s sole issue, and
after holding appellee has no right to amend her pleadings, we reverse the
trial court=s denial of the City=s plea to the
jurisdiction and render judgment dismissing all claims against the City for
want of jurisdiction.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 27, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon 1997).  





[2]  Unless the
defendant pleads and proves that the plaintiff=s
factual allegations were fraudulently made in order to confer jurisdiction, we
will accept those allegations as true.  Michael,
995 S.W.2d at 911.  Here, the City
has not asserted any such fraudulent pleading; thus, we accept appellee=s allegations as true.   





[3]  After
reviewing the city ordinances for the City of Houston, we have not found, nor
has appellee cited, any provisions requiring the City to maintain the dirt
level in the tree planter box flush with the sidewalk.