ACCEPTED
01-15-00004
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 11:23:23 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00004-CV

IN THE COURT OF APPEALS

FOR THE FIRST JUDICIAL DISTRICT

OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 11:23:23 AM
CHRISTOPHER A. PRINE
Clerk

_____

*NIKKI SIDES INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF THOMAS MIDDLETON*,

Appellant,

v.

*TEXAS DEPARTMENT OF CRIMINAL JUSTICE,*

Appellees

_____

On Appeal from the 400th Judicial District of Fort Bend County,
Texas, Trial Court Cause No. 14-DCV-212749

_____

**APPELLEE'S BRIEF**

_____

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for
Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense
Division

**KIM COOGAN**
Assistant Attorney General
Texas Bar No. 00783867
Law Enforcement Defense Division
Office of the Attorney General
Post Office Box 12548
Austin, Texas  78711-2548
Phone:      (512) 463-2080
Facsimile:   (512) 936-2109

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..........................................................iv

INDEX OF AUTHORITIES...........................................................................v

STATEMENT OF THE CASE.......................................................................1

ISSUES PRESENTED.................................................................................2

    I.      Did plaintiff's pleading of *use of property* state a claim for which sovereign immunity is waived under the Texas Tort Claims Act?

    II.    Did plaintiff's pleading of *condition of property* state a claim for which sovereign immunity is waived under the Texas Tort Claims Act?

    III.   Did the trial court err by denying plaintiff's request to amend her petition?

    IV.   Did the trial court err by denying plaintiff an evidentiary hearing on the Plea to the Jurisdiction?

    V.    Did the trial court err in dismissing plaintiff's claim for deprivation of rights under the Texas Constitution?

SUMMARY OF THE ARGUMENT .......................................................2

ARGUMENT .............................................................................................3

    Reply to Issue I:   Plaintiff did not plead sufficient facts to establish a waiver of sovereign immunity based on *use of property*.............................................................3

    Reply to Issue II:  Plaintiff did not plead sufficient facts to establish a waiver of sovereign immunity based on *condition of property*............................................................8

    Reply to Issue III: The trial court did not err by denying Plaintiff's request to amend her petition or to hold an evidentiary hearing on the jurisdictional facts .................9

Reply to Issue IV: The trial court did not err by dismissing plaintiff's claim for deprivation of rights under the Texas Constitution.......................................................................12

CONCLUSION ..................................................................................15

PRAYER ...........................................................................................16

CERTIFICATE OF SERVICE ..........................................................18

CERTIFICATE OF COMPLIANCE .................................................19

# IDENTITY OF PARTIES AND COUNSEL

**DEFENDANT-APPELLEE**

Texas Department of Criminal Justice

**Counsel:**
Kim Coogan
State Bar No. 00783867
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080
(512) 936-2109 – facsimile
Kim.coogan@texasattorneygeneral.gov

**PLAINTIFF-APPELLANT**

Nikki Sides, individually and on behalf of the estate of Thomas Middleton

**Counsel:**
Laurence W. Watts
State Bar No. 20981000
Melissa Azadeh
State Bar No. 24064851
Watts & Company Lawyers, Ltd.
P. O. Box 2214
Missouri City, Texas 77459
(281) 431-1500
(877) 797-4055 – facsimile
wattstrial@gmail.com

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Pkwy.
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 – facsimile
Wfcarter73@yahoo.com

# INDEX OF AUTHORITIES

**Case**                                                     **Page**

*Allen v. Mauro*,
    733 S.W.2d 228, 230 (Tex. App.-El Paso 1986, writ ref. n.r.e.)...................15

*Barshop v. Medina Cty. Underground Water Conserv. Dist.*,
    925 S.W.2d 618, 623 (Tex. 1996) ...............................................................15

*Bland Indep. Sch. Dist. v. Blue*,
    34 S.W.3d 547, 554–55 (Tex. 2000) .........................................................9,10

*City of Sugarland v. Ballard*,
    174 S.W.3d 259, 267-68 (Tex. App.-Houston (1st Dist.) 2005).....................5

*County of Cameron v. Brown*,
    80 S.W.3d 549, 555 (Texas 2002) ...............................................................10

*Cowan*, 128 S.W.3d at 246 .....................................................................................5

*Dallas County Mental Health and Mental Retardation v. Bossley*,
    968 S.W.2d 339, 243 (Tex. 1998) .............................................................8,12

*Dallas Cnty. v. Posey*,
    290 S.W.3d 869, 871 (Tex.2009) ...............................................................5,8

*Federal Savings & Loan v. Glen Ridge I Condo*,
    750 S.W.2d 757, 759 (Tex. 1988) ...............................................................15

*Franka v. Velasquez*,
    332 S.W.3d 367, 385 (Tex. 2011) ...........................................................13,14

*Kerrville State Hosp. v. Clark*,
    923 S.W.2d 582, 584 (Tex. 1996) .................................................................5

*Lacy v. Rusk State Hosp.*,
    31 S.W.3d 625, 630 (Tex. App.-Tyler 2000, no pet.) .....................................5

*Land v. Dollar*,
330 U.S. 731, 735 & n. 4, (1947) ...................................................................10

*Larson v. Domestic & Foreign Commerce Corp.*,
337 U.S. 682, (1949)........................................................................................10

*López v. McMillion*,
113 S.W.3d 447, 450 (Tex.App.-San Antonio 2003, no pet.).........................5

*Lowe v. Tex. Tech Univ.*,
540 S.W.2d 297, 300 (Tex. 1976) .....................................................................7

*Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*,
925 S.W.2d 659, 662 (Tex. 1996) ...............................................................14,15

*Overton Mem'l Hosp. v. McGuire*,
518 S.W.2d 528, 528–29 (Tex. 1975) ...............................................................7

*Peek v. Equipment Serv. Co. of San Antonio*,
779 S.W.2d 802, 804–05 (Tex. 1989) ...........................................................9,10

*Robinson v. Cent. Tex. MHMR Ctr.*,
780 S.W.2d 169, 169, 171 (Tex. 1989) .............................................................7

*Rusk State Hospital v. Black*,
392 S.W.3d 88, 97-98 (Tex. 2012)....................................................................8

*San Antonio State Hosp. v. Cowan*,
128 S.W.3d 244, 245-246 (Tex. 2004)...............................................................4

*Sanchez v. Tex. Dept. of Human Resources*,
581 S.W.2d 260, 266 (Tex. App.-Corpus Christi 1979, no writ)...................15

*Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983) ..................................................13

*Tex. Pub. Bldg Authority v. Mattox*,
686 S.W.2d 924, 927 (Tex. 1985) ...................................................................15

*Tex. Workers Comp. Comm'n v. Garcia*,
    893 S.W.2d 504 (Tex. 1995) ........................................................14

*Texas A&M University v. Bishop*,
    156 S.W.3d 580, 583 (Tex. 2005) ....................................................4

*Texas Ass'n of Bus. v. Texas Air Control Bd.*,
    852 S.W.2d 440, 446 (Tex. 1993) .................................................9,13

*Texas Dep't of Corrections v. Herring*,
    513 S.W.2d 6, 9–10 (Tex.1974) .......................................................9

*Texas Dept. of Criminal Justice v. Miller*,
    51 S.W.3d 583, 588 (Tex. 2001) ....................................................4,6

*Texas Natural Resource Conservation Com'n v. White*,
    46 S.W.3d 864,869-70 (Tex. 2001) .................................................5,9

*Texas Parks and Wildlife v. Miranda*,
    133 SW3d 217 (Tex. 2004) .........................................................9,10,11

*Thomas v. Oldham*,
    895 S.W.2d 352, 357 (Tex. 1995) ....................................................13

*Univ. of Texas M.D. Anderson Cancer Ctr. v. King*,
    417 S.W.3d 1, 4-5 (Tex. App. 2013) ..................................................7

*University of Texas M.D. Anderson Cancer Center v. Baker*,
    401 S.W.3d 246, 253 (Houston – 14th 2012)...........................................5

## Statutes, Codes & Constitution

Tex. Civ. Prac. & Rem. Code §101.002 .................................................2

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 ........................................11

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).......................................4

Tex. Civ. Prac. & Rem. Code §101.106(F) ............................................13

Tex.Fed.R.Civ.P. 12(b)(1) .................................................................10

Tex. Gov't Code §311.021(1).............................................................14

Tex. Tort Claims Act, Section 101.021 ................................................3

Texas Constitution, Article 1, Section 13 ..........................................12

No. 01-15-00004-CV

IN THE COURT OF APPEALS

FOR THE FIRST JUDICIAL DISTRICT

OF TEXAS AT HOUSTON

_____

*NIKKI SIDES INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF THOMAS MIDDLETON*,

Appellant,

v.

*TEXAS DEPARTMENT OF CRIMINAL JUSTICE,*

Appellees

_____

On Appeal from the 400th Judicial District of Fort Bend County, Texas, Trial Court Cause No. 14-DCV-212749

_____

**APPELLEE'S BRIEF**

_____

**STATEMENT OF THE CASE**

Defendant agrees with plaintiff's statement of facts except on one point. Plaintiff alleges that Officer Redwood, the oncoming officer, did not do a physical check of the dayroom 15-20 minutes after the shift began. Brief at page 4. The uncontroverted evidence is that Officer Redwood did, in fact, perform the physical check. CR at 87.

1

## ISSUES PRESENTED

I.      Did plaintiff's pleading of *use of property* state a claim for which sovereign immunity is waived under the Texas Tort Claims Act?

II.     Did plaintiff's pleading of *condition of property* state a claim for which sovereign immunity is waived under the Texas Tort Claims Act?

III.    Did the trial court err by denying plaintiff's request to amend her petition?

IV.    Did the trial court err by denying plaintiff an evidentiary hearing on the Plea to the Jurisdiction?

V.     Did the trial court err in dismissing plaintiff's claim for deprivation of rights under the Texas Constitution?

## SUMMARY OF THE ARGUMENT

The trial court did not err in granting defendant's plea to the jurisdiction. To maintain her suit against TDCJ, Plaintiff must plead a waiver of sovereign immunity under the Texas Tort Claims Act, CIV. PRAC. & REM. CODE §101.002 et seq ("TTCA"). Plaintiff's allegations here are insufficient to establish a waiver as a matter of law. This case is the result of inmate Middleton choosing to hang himself in the prison day room. There are no allegations that any employee of TDCJ was present or using property when the incident occurred. Further, the property utilized

2

by Middleton, the handrail, privacy wall and hoodie, were not inherently dangerous, nor lacking a safety component. To state a claim for a negligent condition of property, or implicate a waiver. As a result, Plaintiff has not sufficiently pled a condition of property to implicate a waiver.

When a plaintiff's petition, on its face, does not implicate a waiver, a trial court need not allow the plaintiff to amend his petition, nor hold an evidentiary hearing to clarify the pleadings.

Finally, the Texas Constitution does not waive sovereign immunity for tort claims.

**ARGUMENT**

**Reply to Issue I:   Plaintiff did not plead sufficient facts to establish a waiver of sovereign immunity based on *use of property*.**

Section 101.021 of the Tex. Tort Claims Act provides that:

A governmental unit in the State is liable for:

(1) Property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

   (A)   The property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment;

   (B)   The employee would be personally liable to the claimant according to Texas law; and

3

(2) Personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

For the TTCA's property waiver to apply, a condition or use of tangible personal or real property must be involved. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). Within section 101.021(2), "use" means "to put or [to] bring into action or service; to employ for or [to] apply to a given purpose." *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001).

Plaintiff's Petition does make reference to the use of property. However, the Texas Supreme Court has held that for a plaintiff to prevail on a use of property claim, the plaintiff must show that a state employee was negligently using the property. See *Texas A&M University v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005) and *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245-246 (Tex. 2004). In *Cowan*, the patient was involuntarily committed to a state hospital because of his psychotic behavior, acute depression and suicidal tendencies. The hospital allowed the patient to keep with him his suspenders and walker. Two days later, the patient used his suspenders and a piece of pipe from the walker to commit suicide. The patient's family sued, alleging that hospital employees misused the suspenders and walker by providing them to the patient in light of his suicidal state. As here, plaintiffs argued that the hospital used the property when they "put the suspenders and walker into service or employed them for a given purpose." The Court held that

4

sovereign immunity was not waived. "A governmental unit does not 'use' personal property merely by allowing someone else to use it and noting more." *Cowan*, 128 S.W.3d at 246, *Dallas Cnty. v. Posey*, 290 S.W.3d 869, 871 (Tex.2009); *University of Texas M.D. Anderson Cancer Center v. Baker*, 401 S.W.3d 246, 253 (Houston – 14th 2012).

Claims involving the failure to use, or the non-use of property, do not fall within the TTCA's property waiver. *Id.* at 587; *Texas Natural Resource Conservation Com'n v. White*, 46 S.W.3d 864,869-70 (Tex. 2001)*; Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996); see also *López v. McMillion*, 113 S.W.3d 447, 450 (Tex.App.-San Antonio 2003, no pet.) (holding that claim based on failure to restrain inmate by handcuffing or shackling was allegation of non-use of property for which TTCA did not waive immunity); *Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 630 (Tex. App.-Tyler 2000, no pet.) (holding that failure to lock door, through which patient escaped and later drowned, was non-use of property, for which TTCA did not waive immunity).

In *Lopez*, plaintiffs alleged that a dangerous inmate escaped from the county jail and terrorized them. They claimed that the county negligently used tangible personal property when it failed to handcuff the inmate, allowing the inmate to use the bathroom door to facilitate his escape, and failing to supervise the inmate. *López v. McMillion*, 113 S.W.3d at 450-452; see also *City of Sugarland v. Ballard*, 174

S.W.3d 259, 267-68, (Tex. App.-Houston (1st Dist.) 2005). The *Lopez* facts are almost identical to the case here where plaintiff pled TDCJ was negligent by failing to restrain the inmate, allowing him to use the privacy wall to hide and the handrail to hang, and failing to supervise the inmate. The *Lopez* court held that only a non-use of property was alleged and immunity was not waived.

Here, plaintiffs allege that TDCJ negligently used property by "allowing an 'inmate with a history of hanging in the dayroom' to remain unsupervised in the dayroom behind a privacy wall that was too high to allow for appropriate supervision, with a state issued hoodie with a drawstring cord, and a handicap rail that lacked a safety mechanism." Plaintiff's brief at page 17. Plaintiffs also allege that employees failed to monitor, failed to timely discover him unconscious, and failed to timely release him and render aid. These are all "failure to use property" claims.

Allegations of this type are insufficient to waive sovereign immunity. In *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587-589 (Tex. 2001), the Court found in relevant part that:

> Mere reference to the Tort Claims Act does not establish the State's consent to be sued, and thus is not enough to confer jurisdiction on the trial court. The Tort Claims Act provides a limited waiver of sovereign immunity allowing suits to be brought against governmental units only in certain, narrowly defined circumstances . . . The Tort Claims Act and our cases have distinguished claim involving the failure to use, or the non-use of property, which do not waive sovereign

immunity from claims involving a "condition or use" of tangible personal property that caused injury, which do effect a waiver.

Clearly, allegations of non-use are not effective to establish a waiver of sovereign immunity. Here, plaintiff does not allege that any employee of TDCJ used any property that caused or contributed to the incident made the subject matter of this suit. The Texas Supreme Court has held that in certain circumstances, however, immunity is waived for claims in which the plaintiff alleges that injury or death was caused by the property's lack of an integral safety component. See, e.g., *Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 169, 171 (Tex. 1989) (where patient drowned when employees of a mental-health center took him swimming without providing him with a life preserver, immunity was waived because, given patient's epilepsy, the life preserver was a necessary safety component of his swimming attire); *Lowe v. Tex. Tech Univ*., 540 S.W.2d 297, 300 (Tex. 1976) (immunity waived where student athlete's injured knee was reinjured when school furnished him with a football uniform without a knee brace); *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528, 528–29 (Tex. 1975) (per curiam) (immunity waived where a patient receiving post-operative care was injured in a fall from a hospital bed on which no safety rails had been installed). *Univ. of Texas M.D. Anderson Cancer Ctr. v. King*, 417 S.W.3d 1, 4-5 (Tex. App. 2013). In this case, however, the allegation of a lack of safety component is inappropriate. Neither a hoodie nor a privacy wall has, or needs, a safety component. Further, the absence of any un-

named safety component is too attenuated from the inmate's death to be said to have caused it.

**Reply to Issue II: Plaintiff did not plead sufficient facts to establish a waiver of sovereign immunity based on *condition of property*.**

Plaintiff alleges that sovereign immunity is waived because the inmate tied himself to the handicap rails in the dayroom bathroom, and the fact that inmate Middleton used a drawstring from a TDCJ issued jacket. Neither the rail nor the drawstring was inherently dangerous, and neither was defective. Moreover, the drawstring and the handicap rail did not proximately cause the inmate's death. His action of taking the drawstring off of the jacket and tying it around his neck and to the handicap rail was the cause of death. In *Rusk State Hospital v. Black*, 392 S.W.3d 88, 97-98 (Tex. 2012), the Court reaffirmed the well settled principle that "(A) condition does not proximately cause an injury or death if it does no more than furnish the means to make an injury or death possible; that is, immunity is waived only if the condition (1) poses a hazard in the intended and ordinary use of the property and (2) actually causes an injury or death." See *Dallas County v. Posey*, 290 S.W.3d 869, 871-873 (Tex. 2009) and *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 243 (Tex. 1998). Here, the inmate used neither the rail nor the string for its intended purpose.

Further, neither the handrail nor the string lacked an integral safety component. Plaintiff cannot establish a waiver because she cannot show that the drawstring or the railing posed a hazard in the intended and ordinary use of the property, or that their conditions were a proximate cause of Middleton's death.

**Reply to Issue III:**      **The trial court did not err by denying Plaintiff's request to amend her petition or to hold an evidentiary hearing on the jurisdictional facts.**

Plaintiff alleged that the trial court erred by not allowing plaintiff to amend her petition in response to the Plea to the Jurisdiction. When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Texas Parks and Wildlife v. Miranda*, 133 SW3d 217 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent. See *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Peek v. Equipment Serv. Co. of San Antonio*, 779 S.W.2d 802, 804–05 (Tex. 1989); *Texas Dep't of Corrections v. Herring*, 513

9

S.W.2d 6, 9–10 (Tex.1974). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. See *Peek*, 779 S.W.2d at 804–05; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Texas 2002).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, the court may consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. See *Bland*, 34 S.W.3d at 555 (confining the evidentiary review to evidence that is relevant to the jurisdictional issue); *Miranda*, 133 S.W.3d at 227. When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. *Id*. at 554. Then, in a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. The United States Supreme Court and all of the federal circuits have authorized federal district courts to consider evidence in deciding motions to dismiss for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1); *Land v. Dollar*, 330 U.S. 731, 735 & n. 4, (1947), overruled by implication on other grounds by *Larson v. Domestic & Foreign*

10

*Commerce Corp*., 337 U.S. 682, (1949) (observing that as a general rule, district courts have authority to inquire "into the facts as they exist" "by affidavits or otherwise" as well as the pleadings when determining whether the court has subject matter jurisdiction). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.2d at 227. Neither *Bland* nor *Miranda* require the trial court to conduct an evidentiary hearing to determine the sufficiency of the pleadings.

In this case, the jurisdictional facts are not in dispute, and the pleadings affirmatively negate the existence of jurisdiction. Defendant does not deny that the inmate used a hoodie string tied to a hand rail behind a privacy wall to hang himself. The only question, therefore, is one of law, whether the pled facts, if taken as true, constitute a personal injury or death caused by a condition or use of tangible personal or real property by a state employee. CIV. PRAC. & REM. CODE §101.021. Here, plaintiff has not pled that any TDCJ employee was present at the suicide, or used any property to cause the suicide. Plaintiff has only pled that the inmate, who was no longer on suicide watch, removed a string from his garment, tied it around a

11

handrail, then intentionally hid himself from view so that he could asphyxiate himself.

Factually, this case is akin to those in *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339 (Texas 1998). In that case, *Bossley* was involuntarily committed to an MHMR treatment facility. Because he threatened suicide, Bossley was ordered to be transferred to a more restrictive environment. Before he could be transferred, Bossley managed to escape through an unlocked door, ran onto the freeway, leaped into the path of a truck and was killed. Bossley's family sued, claiming both use and condition of property – the unlocked doors. The Supreme Court held that although Bossley's escape through the unlocked doors was part of a sequence of events that ended in his suicide, the use and condition of the doors were too attenuated from Roger's death to be said to have caused it.

In our case, it is undisputed that the existence of the string and the handrail were part of the sequence of events that ended in the inmate's suicide, but the use and condition of the string and handrail were too attenuated from the inmate's death to be said to have caused it. As a result, the trial court did not err by refusing to allow plaintiff to amend her petition, or by refusing to hold an evidentiary hearing.

**Reply to Issue IV:** **The trial court did not err by dismissing plaintiff's claim for deprivation of rights under the Texas Constitution.**

The Texas Constitution, Article 1, section 13, provides in pertinent part:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

This provision prohibits the Legislature from unreasonably restricting common law causes of action. *Thomas v. Oldham*, 895 S.W.2d 352, 357 (Tex. 1995), citing *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993).

A litigant challenging a statute as unconstitutionally restricting a common law cause of action must demonstrate (1) that the statute restricts well-recognized common law cause of action, and (2) that the restriction is unreasonable when balanced against the purpose of the statute. *Thomas*, 895 S.W.2d at 357; *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).

The Texas Tort Claims Act broadened, rather than restricted, an injured party's remedies. At common law, sovereign immunity established all suits against state governmental units and municipalities performing governmental functions were completely immune from liability. The Tort Claims Act created a limited waiver of that immunity. *Thomas v. Oldham*, 895 S.W.2d at 357.

Recently, in *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011), the Supreme Court, mentioned the Open Courts doctrine when considering TEX. CIV. PRAC. & REM. CODE §101.106(F). The court stated:

> As [101.106] affects government-employed physicians, it is generally consistent with the Legislature's concerns regarding health

care costs, also expressed in the bill. We recognize that the Open Courts provision of the Texas Constitution "prohibits the Legislature from unreasonably abrogating well-established common-law claims", but restrictions on government employee liability have always been part of the tradeoff for the Act's waiver of immunity, expanding the government's own liability for its employees' conduct, and thus "a reasonable exercise of the police power in the interest of the general welfare." In any event, no constitutional challenge is made in this case."

*Franka*, 332 S.W.3d at 385.

The Supreme Court interpreted the Open Courts doctrine in *Tex. Workers Comp. Comm'n v. Garcia*, 893 S.W.2d 504 (Tex. 1995), as containing three constitutional rights:

(1) Courts must actually be operating and available;

(2) The Legislature cannot impede access to the courts through unreasonable financial barriers; and

(3) Meaningful remedies must be afforded, "so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress."

*Garcia*, 893 S.W.2d at 521.

The third prong mention in *Garcia,* is the "police power" mentioned by the *Franka* court.

When evaluating the constitutionality of a statute, a court must presume that a statue enacted by the Legislature is constitutional. Tex. Gov't Code §311.021(1); *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).

14

Courts have a duty "to construe statutes in a manner that which avoids serious doubt of their constitutionality", *Federal Savings & Loan v. Glen Ridge I Condo*, 750 S.W.2d 757, 759 (Tex. 1988). Not only should a court presume that a duly enacted law is constitutional, but it should avoid reaching constitutional issues if the matter can be resolved on another basis. *Allen v. Mauro*, 733 S.W.2d 228, 230 (Tex. App.-El Paso 1986, writ ref. n.r.e.). The Legislature is presumed not to have acted unreasonably or arbitrarily in enacting legislation. *Sanchez v. Tex. Dept. of Human Resources*, 581 S.W.2d 260, 266 (Tex. App.-Corpus Christi 1979, no writ).

The party challenging the constitutionality of a statute bears the "heavy burden" of showing that statute's unconstitutionality. *Nootsie Ltd.*, 925 S.W.2d at 663; *Barshop v. Medina Cty. Underground Water Conserv. Dist.*, 925 S.W.2d 618, 623 (Tex. 1996); *Tex. Pub. Bldg Authority v. Mattox*, 686 S.W.2d 924, 927 (Tex. 1985).

## CONCLUSION

Sovereign immunity has not been waived in this case. On the face of her petition, Plaintiff has failed to state a claim under the Texas Tort Claims Act. Plaintiff has failed to plead that an employee of TDCJ negligently used tangible personal property to proximately cause the death of the inmate. Further, she has failed to plead that the condition of any personal or real property of TDCJ was

defective, or that its condition proximately caused the death of the inmate. As a result, this case should be dismissed for lack of jurisdiction.

## PRAYER

For these reasons, the Texas Department of Criminal Justice asks this court to affirm the decision of the trial court, and dismiss this case with prejudice.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Kim Coogan*
**KIM COOGAN**
Assistant Attorney General
State Bar No. 00783867
Attorney-in-Charge

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548

16

(512) 463-2080 / fax (512) 936-2109
kim.coogan@texasattorneygeneral.gov

## NOTICE OF ELECTRONIC FILING

I, **Kim Coogan**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a correct copy of the foregoing **Appellee's Brief** in accordance with the Electronic Case Files System of the First Court of Appeals, Houston, Texas, on the 1st day of July, 2015.

*/s/ Kim Coogan*
**KIM COOGAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Kim Coogan**, Assistant Attorney General of Texas, do hereby certify that

a correct copy of the foregoing **Appellee's Brief** has been served by placing same

in the United States Postal Service, postage prepaid, on this the 1st day of July, 2015

addressed to:

William F Carter
108 E. Wm. J. Bryan Parkway
Bryan, TX 77803

Laurence W. Watts
Melissa Azadeh
Watts & Company Lawyers, Ltd.
P.O. Box 2214
Missouri City, TX 77459
*Appellant's counsel*

*/s/ Kim Coogan*
**KIM COOGAN**
Assistant Attorney General

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(E), it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.  This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i)(3) because it contains 4,877 words, including all parts.